United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 07-60070

LUIS ERNESTO SIERRA VIDAL;
VIVIANA SIERRA HERNANDEZ;
SANDRA PATRICIA HERNANDEZ HURTADO
                              Petitioners,

versus

ALBERTO R GONZALES, U.S. Attorney General
                              Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Luis Ernesto and his family filed a motion for stay of a voluntary departure order pending the outcome of their petition for review to this court. Noting that our jurisdiction to issue such a stay was uncertain, and that the petitioner's voluntary departure deadline was looming, we denied the motion, concluding that the merits of the petitioner's underlying claim did not justify a stay, and stating that an opinion explaining the jurisdictional basis of our decision would follow. Today we offer the explanation.

I

It is plain that we have no jurisdiction to review the merits

of an executive decision on a request for voluntary departure.[1] However, it is an open question whether, once the attorney general has granted voluntary departure, we then have jurisdiction to toll the period of voluntary departure so to preserve the *status quo* during our review of the petitioner's case. We hold that we have jurisdiction to issue such stays, a conclusion supported by decisions of the First, Second, Third, Sixth, Seventh, Eighth, and Ninth Circuits.[2] Only the Fourth Circuit has reached the opposite result.[3]

In determining our jurisdiction to stay an immigration order, we begin with the rule that, "the court of appeals in its discretion may restrain or suspend, in whole or in part, the operation of the order pending the final hearing and determination of the petition."[4] Or more broadly stated, "[t]he grant or denial of a stay pending appeal is a customary part of the judicial function."[5]

---

[1]8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure ....").

[2]*See Bocova v. Gonzales*, 412 F.3d 257 (1st Cir.2005); *Thapa v. Gonzales*, 460 F.3d 323 (2d Cir. 2006); *Obale v. Attorney Gen. of the United States*, 453 F.3d 151 (3d Cir.2006); *Nwakanma v. Ashcroft*, 352 F.3d 325 (6th Cir.2003); *Lopez-Chavez v. Ashcroft*, 383 F.3d 650 (7th Cir.2004); *Rife v. Ashcroft*, 374 F.3d 606 (8th Cir.2004); *El Himri v. Ashcroft*, 344 F.3d 1261 (9th Cir.2003).

[3]*See Ngarurih v. Ashcroft*, 371 F.3d 182 (4th Cir.2004).

[4]*See* 28 U.S.C. § 2349(b), incorporated by reference in 8 U.S.C. § 1252(a)(1).

[5]*See Rife v. Ashcroft*, 374 F.3d 606, 615 (8th Cir. 2004) (citing Fed. R.App. P. 8).

The government argues that Congress, through the IIRIRA, has restricted this customary function. The IIRIRA precludes review of a *denial* of voluntary departure, providing in 8 U.S.C. § 1229c(f) that "[n]o court shall have jurisdiction over an appeal from *denial* of a request for an order of voluntary departure, nor shall any court order a stay of an alien's removal pending consideration of any claim with respect to voluntary departure." The IIRIRA also precludes review of a *grant* of voluntary departure, providing in § 1252(a)(2)(B) that "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review-(I) any judgment regarding the granting of relief under section ... 1229c."

As a clear majority of circuits has held, these provisions strip our jurisdiction to review only the executive branch's substantive judgment about whether the alien met the statutory qualifications for a voluntary departure.[6] They do not limit our power to toll the period of voluntary departure, already granted by the agency, pending our review of the underlying removal decision. A plain reading of the statute supports this conclusion. The first clause of section 1229c(f) applies only to *denials* of voluntary departure. Here voluntary departure has been granted by the agency. The second clause of section 1229c(f) limits only our jurisdiction to stay removal pending consideration of any claim *with respect to voluntary departure*. Yet here we issue a stay to

---

[6]*See* 8 U.S.C. § 1229c(b)(1).

3

consider an alien's challenge to the executive's determination of removability, not its determination with respect to voluntary departure. This latter reasoning applies also to section 1252(a)(2)(B).

The government also argues that 8 C.F.R. §§ 1240.57 and 1240.26(f) vest the Attorney General with exclusive authority to stay or extend voluntary departures. Section 1240.57 of the regulations states that "[a]uthority to reinstate or extend the time within which to depart voluntarily specified initially by an immigration judge or the Board is within the sole jurisdiction of the district director . . . no appeal may be taken therefrom."[7] And section 1240.26(f) of the regulations states that "[a]uthority to extend the time within which to depart voluntarily specified initially by an immigration judge or the Board is only within the jurisdiction of the district director."[8]

However, as the First Circuit observed, that regulation, as well as its statute, both describe the authority of the Attorney General, not that of the courts.[9] Our authority comes instead from 8 U.S.C. § 1252(a)(1), which provides that "[j]udicial review of a final order of removal ... is governed only by chapter 158 of Title

---

[7] 8 C.F.R. § 1240.57.

[8] 8 C.F.R. § 1240.26(f).

[9] *Khalil v. Ashcroft*, 370 F.3d 176, 181 (1st Cir. 2004); *see* 8 U.S.C. § 1229c(b) (describing the circumstances in which "[t]he Attorney General may permit an alien voluntarily to depart the United States"); 8 C.F.R. § 1240.26 (regulation labeled as "Voluntary departure-authority of the Executive Office for Immigration Review").

4

28." That chapter in turn provides that "[t]he filing of the petition to review does not of itself stay or suspend the operation of the order of the agency, but the court of appeals in its discretion may restrain or suspend, in whole or in part, the operation of the order pending the final hearing and determination of the petition."[10] The Seventh Circuit has also dismissed the government's argument, agreeing that the regulations do not regulate the authority of the courts.[11]

Nor can it be argued that an order allowing a period for voluntary departure is not a final order of removal, as provided in section 1252. The First Circuit has persuasively rejected this argument, explaining that "as a formal matter, orders of removal and grants of voluntary departure are entered as alternative orders" that comprise different facets of a single judgment.[12] In other words, "they are complementary; the BIA may grant a period of voluntary departure, but if the alien overstays the allotted period, that part of the order effectively disintegrates and the removal component takes effect."[13] The First Circuit concluded by pointing to the absurd results that would attend the government's proposed construction of the statute, explaining that "taken to its

---

[10]28 U.S.C. § 2349(b); *Khalil*, 370 F.3d at 181.

[11]Lopez-Chavez v. Ashcroft, 383 F.3d 650, 653 (7th Cir. 2004).

[12]*See Bocova v. Gonzales*, 412 F.3d 257, 267 (1st Cir. 2005) (quoting 8 C.F.R. § 1240.26(d)).

[13]*Id.*

5

logical extreme, the government's argument would require us to find that we have no jurisdiction to entertain a petition for review unless and until the petitioner has overstayed his voluntary departure deadline because only then is the removal order actually entered against him."[14]

Although both parties argue from the text of the IIRIRA, we find the petitioner's interpretation more persuasive. We are emboldened in this conclusion not only by the light of seven sister circuits, but also by the pull of twin cannons of statutory construction, one requiring narrow construction in favor of aliens,[15] and the other requiring the clearest command for jurisdiction stripping.[16] Both cannons resolve any statutory doubt in favor of our jurisdiction to stay a voluntary departure order.

## II

Yet we declined to stay the executive's order because petitioner could not show a likelihood of success on the merits of their underlying claims.[17] We reviewed the BIA's denial of asylum

---

[14]*Id.* at 268.

[15]*See INS v. Errico*, 385 U.S. 214, 225 (1966); *INS v. St. Cyr*, 533 U.S. 289, 320 (2001).

[16]*Miller v. French*, 530 U.S. 327, 336 (2000).

[17]This court applies the general criteria provided for injunctions pending appeal. *See* Fed.R.App.P. 8, 18. In *Ignacio v. I.N.S.*, we described the criteria as follows: "a movant must show: (1) a likelihood of success on the merits; (2) that irreparable harm would occur if a stay is not granted; (3) that the potential harm to the movant outweighs the harm to the opposing party if a stay is not granted; and (4) that the granting of the stay would serve the public

for substantial evidence, accepting the BIA's findings of fact, including credibility determinations, as findings are supported by reasonable, substantial, and probative evidence on the record considered as a whole. The IJ's fact-based determination of an alien's entitlement to asylum must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary."[18]

The IJ questioned the aliens credibility, noting "substantial inconsistencies" between his testimony and the sworn statement that was submitted in connection with his application for relief. This credibility determination is supported by substantial evidence, as the IJ details in his order two such inconsistences. In addition, the IJ rejected the alien's claim that he would be confused with his brother, an alien who indeed suffered persecution in Columbia and to whom this country has already granted asylum. This conclusion is also supported by substantial evidence, as the alien's brother was a military officer who had received specific death threats related to his career.

Though we conclude that we have jurisdiction to stay a voluntary departure order, the merits of petitioners' underlying claims in this case did not warrant a such a stay. For these reasons, the motion was DENIED.

---

interest." 955 F.2d 295, 299 (5th Cir. 1992).

[18] 8 U.S.C. § 1252(b)(4)(B).