# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-60712
Summary Calendar

HELENE KENGNE KUEMO

Petitioner

v.

ERIC H HOLDER, JR, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 873 477

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Helene Kengne Kuemo, a native and citizen of Cameroon, challenges the Board of Immigration Appeals' (BIA) dismissing her appeal of the immigration judge's (IJ) denial of her asylum and withholding-of-removal applications. Kuemo contests the IJ's adverse credibility finding and claims she established past persecution on account of her membership in a particular social group.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Accordingly, Kuemo contends the BIA's decision is not supported by substantial evidence.

Factual findings that an alien is ineligible for asylum are reviewed only to determine whether they are supported by substantial evidence. *Gomez-Mejia v. INS*, 56 F.3d 700, 702 (5th Cir. 1995). Along this line, "we must defer to the BIA's factual findings unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise". *Mikhael v. INS*, 115 F.3d 299, 304 (5th Cir. 1997).

The IJ's finding Kuemo's testimony not credible is supported by substantial evidence. *See Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007). Accordingly, Kuemo's contentions do not compel this court to substitute its judgment for that of the IJ. *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) ("We cannot substitute our judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations."); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii) (specifying criteria allowing petitioner's credible testimony to constitute sole support for asylum-eligibility). Because the IJ's finding Kuemo's testimony not credible is a sufficient ground for affirming the BIA's decision, we need not reach the alternative ruling that Kuemo failed to meet her burden of demonstrating a well-founded fear of persecution. *See Chun*, 40 F.3d at 79.

Kuemo did not exhaust her Convention Against Torture claim before the BIA; therefore, that claim cannot be considered here. *See Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).

DENIED.