# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-60534
Summary Calendar

AMIREHSAN KHAEF

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A99 213 028

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Amirehsan Khaef, a native and citizen of Iran, petitions this court for a review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an order of an Immigration Judge (IJ) that denied his application for withholding of removal and relief under the Convention Against Torture (CAT). The IJ denied Khaef's application after finding that Khaef was not a credible witness. Alternatively, the IJ ruled that even if Khaef's testimony had been

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

credible, Khaef had not demonstrated eligibility for relief. The BIA concluded, without reaching the merits of the IJ's alternate holding, that Khaef had failed to meet his burden of proving eligibility for withholding of removal or relief under the CAT because Khaef had failed to provide credible evidence in support of his claims.

Khaef now argues that the IJ erred in finding that he had passed a security clearance in Iran and had been the subject of proper police action. The Government argues that we may not rule on this issue because Khaef failed to raise it before the BIA.

A court can review a final order of removal only when "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "Failure to exhaust an issue creates a jurisdictional bar as to that issue." *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA - either on direct appeal or in a motion to reopen." *Id.* Becase Khaef did not raise these factual challenges in a proceeding before the BIA, we may not consider them now. *See id.*

Khaef also argues that the IJ erred in finding that he was not a credible witness. He argues that the IJ's finding that he had a propensity towards fraud because of his prior marriage fraud conviction and the discrepancies between his oral and written assertions were insufficient to find him incredible under the totality of the circumstances.

Because Khaef filed his application for relief in 2006, this case is governed by the new standards set forth in the REAL ID Act for evaluating witness credibility in asylum and withholding of removal cases. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); 8 U.S.C. § 1231(b)(3)(C); REAL ID Act § 101(h)(2), Pub. L. 109-13, 119 Stat. 302, 305. It is the factfinder's duty to make determinations based on the credibility of the witnesses, and this court cannot substitute its judgment for that of the BIA or IJ with respect to factual findings based on

credibility determinations. *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). A credibility finding is a finding of fact that is reviewed for substantial evidence. *See Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007). Under substantial evidence review, this court may not reverse a finding unless the evidence compels it. *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

Khaef submitted an initial application denying mistreatment and an amended application in which he alleged that he was merely harassed and questioned. At his hearing, Khaef first alleged that he had been detained once for two days and once for three days and that he was beaten during the first of these detentions. The IJ found the discrepancy between Khaef's oral and written assertions significant because the assertions went to the heart of Khaef's claims for relief. The IJ also noted that Khaef had been previously convicted of marriage fraud in an attempt to gain immigration benefits, and the IJ found that this conviction demonstrated a propensity towards fraud. Considering the totality of the circumstances, the evidence in this case does not compel reversal of the IJ's adverse credibility determination. *See Elias-Zacarias*, 502 U.S. at 483-84*; see also* § 1158(b)(1)(B)(iii) (specifying criteria allowing petitioner's credible testimony to constitute sole support for sustaining burden of proving eligibility for asylum).

Because "[w]e cannot substitute our judgment for that of the BIA or IJ with respect to the credibility of the witnesses or ultimate factual findings based on credibility determinations . . . we will not review decisions turning purely on the immigration judge's assessment of the alien petitioner's credibility." *Chun*, 40 F.3d at 78. The denial of relief in this case was based on the finding that Khaef failed to provide a plausible claim, and the adverse credibility determination was supported by substantial evidence. We therefore decline to review the decision denying relief in this case. *See id.*

The petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.