**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-60912
Summary Calendar

GANGHUI WU,

Petitioner,

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 125 277

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ganghui Wu, a native and citizen of China, petitions this court for a review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of an order of an Immigration Judge (IJ) that denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The IJ denied Wu's application after finding that Wu was not a credible witness. Alternatively, the IJ ruled that even if Wu's testimony had been credible, Wu had not demonstrated eligibility for relief. The BIA upheld

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the IJ's adverse credibility determination and affirmed the IJ's decision ordering Wu's removal.

Wu argues that the IJ erred in finding that he was not a credible witness. He argues that his use of fraudulent documents to get to this country did not impute a lack of credibility to him and that the IJ's finding that he had used fraudulent documents was insufficient to find him not credible under the totality of the circumstances. He likewise argues that discrepancies between his asylum application and the record of his initial interview with Border Patrol agents should not be deemed to indicate a lack of credibility because there is no verbatim transcript of that interview.

Because Wu filed his application for relief in 2006, this case is governed by the standards set forth in the REAL ID Act for evaluating witness credibility in asylum and withholding of removal cases. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); REAL ID Act § 101, Pub. L. 109-13, 119 Stat. 231, 302-05 (codified as amended at 8 U.S.C. § 1158(b) (2005)). "[I]t is the factfinder's duty to make determinations based on the credibility of the witnesses," and "[w]e cannot substitute our judgment for that of the BIA or IJ with respect to . . . factual findings based on credibility determinations." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). A credibility finding is a finding of fact that is reviewed for substantial evidence. *See Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007). Under substantial evidence review, we may not reverse a finding unless the evidence compels it. *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

At his hearing before the IJ, Wu first stated that he had no knowledge of the details of the arrangement his parents made with the person who smuggled him to this country. Later in that same hearing, Wu was able to state the price that his parents paid for him to be smuggled. The IJ noted that Wu's physical demeanor during questioning on this topic indicated a lack of credibility. Wu also stated that he had left China because he was being persecuted due to his practice of the Christian religion. He testified that in order to get to church in

this country, he rode a live rail and a church member would pick him up. Explaining, however, that getting to church was inconvenient, Wu admitted that he rarely attends church in this country. Wu also candidly admitted that a friend in China had told him that there were job opportunities in this country and that it was prearranged that he would come to this country and work for his uncle's friend. Further, Wu stated that his uncle's friend told Wu that if he applied for asylum, he would be able to get a work permit. Considering the totality of the circumstances, the evidence in this case does not compel reversal of the IJ's adverse credibility determination. *See Elias-Zacarias*, 502 U.S. at 483-84*; see also* 8 U.S.C. § 1158(b)(1)(B)(iii) (specifying criteria for BIA's credibility determination). The denial of relief in this case was based on the factual finding that Wu failed to provide a plausible claim, and the adverse credibility determination was supported by substantial evidence. We may not substitute our judgment for that of the BIA. *Chun*, 40 F.3d at 78.

We note Wu's legal argument that the IJ erred in denying his claims for relief based on his failure to present sufficient corroboration. Because the IJ found that Wu's testimony was not credible, his uncorroborated testimony was insufficient to sustain his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(i), (ii). Because the IJ's adverse credibility determination is supported by substantial evidence, we need not address Wu's argument challenging the IJ's alternative finding that he was not entitled to relief because he had not shown that he faces persecution elsewhere in China. Finally, by failing to raise in his petition for review any argument challenging the denial of his request for relief under the CAT, Wu has abandoned that claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The petition for review is DENIED.