United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2009

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 08-60844
Summary Calendar

LULIT GEBRESADIK,

Petitioner

v.

ERIC H. HOLDER, JR., U S ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 932 882

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Lulit Gebresadik, a native and citizen of Eritrea, petitions this court for a review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal of the immigration judge's (IJ's) order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The IJ denied Gebresadik's application after finding that she was not a credible witness. Alternatively, the IJ ruled that even if Gebresadik's testimony were credible, she had not demonstrated eligibility for relief. The BIA upheld the IJ's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adverse credibility determination and affirmed the IJ's decision ordering Gebresadik's removal.

Gebresadik argues that the IJ's adverse credibility determination was not supported by substantial evidence. She challenges the IJ's finding that her asylum interview and hearing testimony were inconsistent concerning the beatings that she testified that she underwent while she was in prison in Eritrea. She also challenges the IJ's determinations that it was implausible that (1) she received six months of noncombat training merely to be a "domestic," (2) guards who were friends risked repercussions by helping her to escape the prison, and (3) a friend gave her $16,000 to be smuggled from South Africa to the United States. Additionally, she challenges the IJ's inclusion of her failure to provide sufficient corroboration in his reasons for determining that she was not credible because corroboration concerns only the burden of proof and is analytically distinct from the issue of credibility.

Because Gebresadik filed her application for relief in 2007, this case is governed by the standards set forth in the REAL ID Act for evaluating witness credibility in asylum and withholding of removal cases. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); REAL ID Act § 101, Pub. L. 109-13, 119 Stat. 231, 302-05 (May 11, 2005). "[I]t is the factfinder's duty to make determinations based on the credibility of the witnesses," and "[w]e cannot substitute our judgment for that of the BIA or IJ with respect to . . . factual findings based on credibility determinations." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). A credibility finding is a finding of fact that is reviewed for substantial evidence. *See Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007). Under substantial evidence review, we may not reverse a finding unless the evidence compels it. *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

Gebresadik has not shown that the evidence was so compelling that no reasonable factfinder could conclude against the IJ's credibility determination. The IJ's determination that it was implausible that Gebresadik's prison guard

friends who believed she was innocent and who did not want to see her suffer would have risked persecution in helping her to escape is questionable, and it is arguable whether the IJ misspoke when stating that lack of corroborating evidence further impeached her credibility. *See* § 1158 (b)(1)(B)(ii). However, the IJ's additional findings concerning the inconsistencies in Gebresadik's accounts concerning whether she was beaten while in prison and her implausible assertions concerning her training to be a secretary and her friend's payment of $16,000 to smuggle her to the United States from South Africa suffice to support the IJ's finding that she was not a credible witness. Considering the totality of the circumstances, the evidence in this case does not compel reversal of the IJ's adverse credibility determination. *See Elias-Zacarias*, 502 U.S. at 483-84*; see also* § 1158(b)(1)(B)(iii) (specifying criteria for BIA's credibility determination). The denial of relief in this case was based on the factual finding that Gebresadik failed to provide a plausible claim, and the adverse credibility determination was supported by substantial evidence. We may not substitute our judgment for that of the BIA. *Chun*, 40 F.3d at 78.

Gebresadik also argues that the IJ erred in stating that the REAL ID Act required corroboration of a credible asylum claimant's account. However, because the IJ's adverse credibility determination was supported by substantial evidence, the issue whether a credible asylum applicant's account requires corroboration is irrelevant.

Because the IJ's adverse credibility determination is supported by substantial evidence, we need not address Gebresadik's argument challenging the IJ's and BIA's determination that there was a lack of a nexus between the harm and fears she endured and a protected asylum ground. *See Chun*, 40 F.3d at 79. Accordingly, Gebresadik's petition for review is DENIED.