# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-60723
Summary Calendar

ARTAN BRDAKIC,

Petitioner

v.

ERIC H. HOLDER, JR, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A 094 722 814

Before JOLLY, WIENER, ELROD, Circuit Judges.

PER CURIAM:[*]

Petitioner Artan Brdakic, a citizen of the former Serbia and Montenegro, has filed a petition for review of a decision of the Board of Immigration Appeals (BIA). The BIA dismissed Petitioner's appeal of an order of an immigration judge (IJ) which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA concluded that Petitioner had not met his burden of showing eligibility because of major inconsistencies between Petitioner's testimony and that of his witness, as well

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

as prior inconsistent statements made by Petitioner. In so ruling, the BIA upheld the IJ's finding that Petitioner was not credible, and vacated the IJ's finding that Petitioner's asylum claim was frivolous. Petitioner now contests the IJ's adverse credibility finding and argues that the BIA's decision is not supported by substantial evidence in the record.

On a petition for review of a BIA decision, we review the order of the BIA, but we also consider the IJ's underlying decision if it influenced the BIA's determination. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). This court reviews factual findings for substantial evidence and questions of law *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

Because Petitioner filed his asylum claim after May 11, 2005, this case is governed by the standards set forth in the REAL ID Act for determining witness credibility in asylum and withholding of removal cases. See 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); REAL ID Act § 101, Pub.L. 109-13, 119 Stat. 231, 302-05 (May 11, 2005). An adverse credibility determination is a finding of fact that must be reviewed for substantial evidence. *See Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007). "The substantial evidence standard requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). This court must review the BIA's factual determination to determine "not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)). The alien bears the "burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id*.

Petitioner has failed to meet this onerous standard. The IJ's findings regarding numerous discrepancies in Petitioner's testimony, including testimony regarding a key incident in which Petitioner's store was invaded by masked men, are sufficient to support the IJ's credibility determinations. Petitioner's

testimony that he was personally threatened by the masked men diverged from his witness's testimony in key areas. Although Petitioner alleges that the witness's testimony nevertheless supports his overall claim of persecution, the discrepancies remain. "[I]t is the factfinder's duty to make determinations based on the credibility of the witnesses," and "[w]e cannot substitute our judgment for that of the BIA or IJ with respect to ... factual findings based on credibility determinations." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir.1994). Petitioner also disputes the IJ's determination that his story of persecution was implausible since Petitioner, while in Kosovo, had been a successful businessman who drove "fancy cars." Although such a conclusion may be strained, the IJ's determination rested on numerous other inconsistencies in Petitioner's testimony which suffice to support the IJ's finding that Petitioner was not a credible witness.

## CONCLUSION

The evidence in the record does not compel us to reverse the IJ's adverse credibility determination. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). Therefore, the petition for review is DENIED.