# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2009

Charles R. Fulbruge III
Clerk

No. 09-60268
Summary Calendar

RUI DE ZHANG,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of
the Board of Immigration Appeals
No. A88 057 014

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rui De Zhang, a native and citizen of China, petitions for a review of the decision of the Board of Immigration Appeals (BIA), dismissing his appeal from an immigration judge's (IJ's) decision that pretermitted his application for asylum as untimely and denied his application for withholding of removal and relief under the Convention Against Torture (CAT). The BIA concluded that there was no clear error in the IJ's adverse credibility finding against Zhang and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Zhang failed to meet his burden to establish eligibility for relief. In this petition, Zhang argues that the IJ's adverse credibility decision was not supported by the evidence in the record and accordingly, his application for withholding of removal should have been granted. For the following reasons, the petition for review is denied.

## DISCUSSION

On a petition for review of a BIA decision, we review the order of the BIA, but we also consider the IJ's underlying decision if it influenced the BIA's determination. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). We review whether factual findings are supported by substantial evidence and we review questions of law de novo. *Lopez–Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001) (per curiam).

Because Zhang filed his asylum claim after May 11, 2005, the REAL ID Act provides the relevant credibility determination standards. *See* 8 U.S.C. § 1158(b)(1)(B)(ii)–(iii); REAL ID Act § 101, Pub.L. 109-13, 119 Stat. 231, 302–05 (May 11, 2005) ("[A] trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency . . . goes to the heart of the applicant's claim . . . ."); *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009) (applying the REAL ID Act standard). An adverse credibility determination is a finding of fact that we review under the substantial evidence standard. *See Vidal v. Gonzales*, 491 F .3d 250, 254 (5th Cir. 2007). "The substantial evidence standard requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). "Reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v.*

*Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005)). Here, Zhang bears the "burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

Zhang fails to meet this standard. The IJ's findings regarding numerous discrepancies in Zhang's testimony are sufficient to support the IJ's adverse credibility determination: Zhang's testimony regarding the date of his marriage is inconsistent; his testimony regarding the length of his alleged hiding from Chinese "family planning" officials is inconsistent; his testimony regarding the alleged sterilization of his wife is inconsistent; and his testimony regarding the "family planning" fine imposed after the birth of his child is inconsistent. Further, Zhang's attempt to clarify this inconsistent testimony was unpersuasive because it did not explain the discrepancies in his testimony and, in and of itself, was contradictory.

Although Zhang alleges that the testimony is actually consistent and supports his overall application for withholding, the discrepancies found by the IJ and BIA remain. "[I]t is the factfinder's duty to make determinations based on the credibility of the witnesses," and "[w]e cannot substitute our judgment for that of the BIA or IJ with respect to . . . factual findings based on credibility determinations." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994) (per curiam). As such, we determine that the evidence in the record does not compel us to reverse the IJ's adverse credibility determination. Accordingly, Zhang failed to meet his burden to demonstrate that he is eligible for withholding of removal. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483–84 (1992).

## CONCLUSION

For the foregoing reasons, the petition for review is DENIED.