# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60512

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2014

Lyle W. Cayce
Clerk

SERGIO FLORES-MARTINEZ, also known as Sergio Flores,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 725 883

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Sergio Flores-Martinez, a citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals affirming an order for his removal from the United States. The Government moves to dismiss Flores-Martinez's petition for lack of jurisdiction. For the following reasons, we grant the motion to dismiss.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60512

The Department of Homeland Security initiated removal proceedings against Flores-Martinez in November 2010 on the grounds that he was unlawfully present in the United States. *See* 8 U.S.C. § 1182(a)(6)(A)(i). Flores-Martinez conceded that he was removable, and he applied to the Immigration Judge ("IJ") for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The IJ denied Flores-Martinez's application for cancellation of removal, finding that Flores-Martinez failed to establish one of the requirements for relief—that his removal would result in exceptional and extremely unusual hardship to a spouse, parent or child who is a United States citizen or lawful permanent resident. *See* 8 U.S.C. § 1229b(b)(1)(D). The IJ granted Flores-Martinez's request to voluntarily depart, rather than be removed at the Government's expense. On June 24, 2014, the Board of Immigration Appeals ("BIA") affirmed, without opinion, the result of the IJ's decision. This court's docket reflects that Flores-Martinez filed his petition for review on July 25, 2014.

The Government argues that we lack jurisdiction to hear Flores-Martinez's petition for review on two independent grounds: first, because the petition is untimely, and second, because it seeks review of a discretionary decision. In his response, Flores-Martinez does not address either argument and cites inapposite law.

A petition for review "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). That deadline is mandatory and jurisdictional. *See Stone v. INS*, 514 U.S. 386, 405 (1995). A removal order allowing for a period for voluntary departure is a "final order of removal." *Vidal v. Gonzales*, 491 F.3d 250, 253 (5th Cir. 2007). An order of removal becomes "final" when the BIA affirms the IJ's finding of removability or when the time for appealing the IJ's decision has expired. 8 U.S.C. § 1101(a)(47)(B). The 30-day period therefore began on June 24, 2014, when the BIA affirmed the IJ's decision denying relief and allowing for voluntary departure. *See Karimian-*

2

*Kaklaki v. INS*, 997 F.2d 108, 112 (5th Cir. 1993). Because Flores-Martinez filed his petition for review 31 days after the BIA issued its decision, the petition is untimely, and we lack jurisdiction to review it.

Flores-Martinez's petition for review is DISMISSED for lack of jurisdiction.