# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60345
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2015

Lyle W. Cayce
Clerk

LIAN ZHU YE,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 714 364

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges:

PER CURIAM:[*]

Lian Zhu Ye, a native and citizen of China, seeks a petition of review to challenge the Board of Immigration Appeals' (BIA) order granting a motion to reconsider but affirming the dismissal of her appeal. She also seeks a petition for review to challenge the denial of her motion to remand, which the BIA construed as a motion to reopen. Ye contends that the BIA's adverse credibility determination is not supported by substantial evidence. She further asserts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the BIA abused its discretion in denying her motion to reopen based on changed country conditions.

The BIA and the immigration judge may "rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original).  A credibility finding is a finding of fact that is reviewed for substantial evidence.  *See Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007).  Therefore, this court will defer to a credibility ruling "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).

Ye has not demonstrated that the record compels a conclusion that the adverse credibility finding was erroneous.  Ye does not deny that she lied on her K-1 visa application, as well as a supplemental application for her visa, when she indicated that she had never been arrested.  This documentary evidence, which conflicted with Ye's testimony concerning her two arrests in China, are alone sufficient to uphold the BIA and immigration judge's adverse credibility determination.  *See Wang*, 569 F.3d at 538.  Additionally, substantial evidence supports the BIA's finding that Ye's testimony surrounding her 2006 arrest conflicted with the Chinese government's official certificate of no criminal record.  *See Rivera-Cruz v. I.N.S.*, 948 F.2d 962, 967 (5th Cir. 1991).  Because substantial evidence supports the BIA's adverse credibility determination, the BIA's ruling will not be disturbed.  *See Vidal*, 491 F.3d at 254; *Wang*, 569 F.3d at 538.

Ye's argument that the BIA abused its discretion in affording limited weight to the documentary evidence submitted in conjunction with her motion

to reopen because the evidence was not authenticated is unpersuasive. *See Jisheng Xiao v. Holder*, 459 F. App'x 485, 487 (5th Cir. 2012); *see also Matter of H-L-H- & Z-Y-Z-*, 25 I&N 209, 214-15 (BIA 2010), *abrogated on other grounds by Huang v. Holder*, 677 F.3d 130 (2d Cir. 2010).[1] Ye also claims that the BIA committed legal error in rejecting all but one of her documents for failure to comply with 8 C.F.R. § 1003.2(c)(1). She failed properly to exhaust this claim, however, and we lack jurisdiction to consider it in the instant petition. *See* 8 U.S.C. § 1252(d); *Omari v. Holder*, 562 F.3d 314, 319-21 (5th Cir. 2009).

Accordingly, Ye's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.

---

[1] This court reviews the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). This court will affirm the decision to deny a motion to reopen "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* at 304 (quoting *Pritchett v. I.N.S.*, 993 F.2d 80, 83 (5th Cir. 1993)).