# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-60040
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 16, 2018

Lyle W. Cayce
Clerk

————

KIBROM BERAKI,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 789 732

————

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kibrom Beraki, a native and citizen of Eritrea, applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He asserted that, if he returned to Eritrea, he would be subject to persecution on account of his religion, his political opinion, and his desertion of the military. The immigration judge (IJ) denied relief, and the BIA dismissed Beraki's appeal. Beraki petitioned this court to review the BIA's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

order, but the matter was remanded to the agency, on the respondent's motion, to address the omission of a transcript from the administrative record.

On remand, the IJ determined that the administrative record was complete and accurate. The BIA dismissed Beraki's appeal, addressing both the IJ's decision regarding the administrative record as well as the IJ's denial of asylum, withholding of removal, and relief under the CAT. Beraki now petitions for review of the BIA's decision.

*Administrative record*

Beraki argues that the agency's finding that the administrative record is complete and accurate is not supported by substantial evidence. He seeks a remand to the agency, contending that deficiencies in the administrative record violate his right to due process.

We have authority to review only the BIA's decision, but we "may consider the IJ's decision to the extent that it influenced the BIA." *Cabral v. Holder*, 632 F.3d 886, 889 (5th Cir. 2011). The factual findings of the BIA and the IJ are reviewed for substantial evidence, while questions of law are reviewed de novo. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). The substantial evidence test requires that the decision be based on the evidence presented and that the decision be substantially reasonable. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). "The [petitioner] has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Beraki asserts that the administrative record is incomplete because it does not include a transcript of a hearing held on March 5, 2009. The record, however, provides substantial support for the agency's determination that, although a hearing was scheduled, no hearing was actually held on the date in

question; accordingly, the agency's factual finding will not be disturbed. *See Zhu*, 493 F.3d at 593.

In addition to the contention that a transcript is missing, Beraki asserts that there are several other problems with the administrative record, including an undated transcript, the transcriber's frequent use of the "undiscernible" in place of testimony, the unreliability of the transcriber's certification, excessive duplication, and the omission of his previous petition for review and the brief he submitted to this court in connection with that petition. In order to establish his claim of a due process violation based on alleged deficiencies in the administrative record, Beraki must make a showing of prejudice; he has failed to make the requisite showing. *See Bolvito v. Mukasey*, 527 F.3d 428, 438 (5th Cir. 2008); *Gonzales-Buitrago v. I.N.S.*, 1993 WL 391512, 4 (5th Cir. Sept. 24, 1993) (unpublished).

*Denial of asylum, withholding of removal, and relief under the CAT*

The IJ determined that Beraki's claims for asylum, withholding of removal, and protection under the CAT failed because he was not a credible witness and because he failed to provide reasonably available corroborating evidence to support his claims of persecution in Eritrea. The BIA agreed with the IJ's adverse credibility determination, noting that Beraki had not provided other evidence to independently establish his claims. Beraki challenges the adverse credibility determination, as well as the determination that he did not provide corroborating evidence.

Credibility determinations are factual findings that are reviewed for substantial evidence. *See Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007). The IJ and BIA "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d

531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted) (emphasis in original). This court will defer to a "credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* (internal quotation marks and citation omitted).

Beraki first asserts that the IJ erred in determining that there were inconsistencies between his testimony and that of his witness, Mr. Solomon. However, as the IJ noted, Beraki testified that he was detained in 2007 during the months of June, July, and August; that is inconsistent with Mr. Solomon's testimony, deemed credible by the IJ, that Beraki worked at his home up until Mr. Solomon's departure from Eritrea, which, as shown by Mr. Solomon's passport, occurred on July 21, 2007. Beraki also contends that the IJ incorrectly determined that he gave internally inconsistent testimony. The IJ noted, however, that at a hearing held on October 21, 2008, Beraki testified that he worked for Mr. Solomon in March, April, and May of 2007. At a later hearing, Beraki testified that Mr. Solomon asked him in late April of 2007 to improve a design for his house and that he completed the task in one day and gave the new design to Mr. Solomon on May 3, 2007. Beraki also testified that the design job was the only work he did for Mr. Solomon. ROA.461. In view of the inconsistencies discussed above, as well as other testimonial inconsistencies discussed by the BIA that Beraki does not challenge, we conclude that the agency's adverse credibility determination as to Beraki is supported by substantial evidence. *See Vidal*, 491 F.3d at 254.[1]

---

[1] Beraki also contends that the IJ erred in determining that he changed his story; however, in his brief he does not specify the testimony at issue, or provide a record citation to the relevant testimony. Beraki's argument on this point is inadequately briefed, and it is therefore considered abandoned. *See Yang v. Holder*, 664 F.3d 580, 589 (5th Cir. 2011).

No. 17-60040

Beraki asserts that the IJ and the BIA erred in concluding that he should have provided corroborating evidence from family members and friends to support his claims. He argues that he was unable to provide such evidence due to his long journey from Eritrea to the United States, which took him through several countries.

"[A]pplicants can be required to provide reasonably obtainable corroborating evidence even when their testimony is credible." *Yang v. Holder*, 664 F.3d 580, 587 (5th Cir. 2011). We may not reverse the trier of fact's determination that corroborating evidence was available unless a reasonable trier of fact would be compelled to conclude otherwise. *Id.*

The record reflects that Beraki reached the United States in April 2008, and he was represented by counsel during his proceedings before the immigration court, stretching back to June 4, 2008. He was able to obtain a letter, dated May 30, 2008, supporting his contention that he was a member of a Pentecostal church in Eritrea. Because the evidence does not compel a contrary conclusion, we will not disturb the agency's determination that Beraki failed to provide reasonably available corroborating evidence. *See id.*

Finally, Beraki contends that he established an entitlement to asylum, withholding of removal, and relief under the CAT. In addition to his testimony, which, as discussed above, was determined to lack credibility, he relies on reports as to the conditions in Eritrea. The agency's determination that Beraki is not entitled to asylum, withholding of removal, and relief under the CAT is reviewed for substantial evidence. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

A grant of asylum is discretionary, and to be eligible an applicant must be unable or unwilling to return to his home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality,

5

membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). An applicant demonstrates a well-founded fear of persecution by showing "a subjective fear of persecution" that is "objectively reasonable." *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001). If past persecution is established, then the alien is entitled to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 208.13(b)(1).

A claim for withholding of removal does not require proof of subjective fear. *See Zhang*, 432 F.3d at 344. However, "[w]ithholding of removal is a higher standard than asylum." *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). An applicant for withholding of removal has the burden of showing that it is "more likely than not" that his life or freedom would be threatened by persecution on account of one of the five categories mentioned under asylum. *Id.*

Because Beraki provided no corroborating evidence to support his claims of past persecution, he failed to establish past persecution given the agency's adverse credibility determination. *See Dayo v. Holder*, 687 F.3d 653, 657 (5th Cir. 2012). As to Beraki's claims of feared future persecution on grounds of religion, political opinion, and military desertion, only Beraki's assertion that he was a member of the Pentecostal church has any record support aside from his testimony. However, the country reports on which Beraki relies establish nothing more than a speculative fear of persecution based on religion; the record does not compel a conclusion that Beraki has shown "a subjective fear of persecution" that is "objectively reasonable," so as to be eligible for asylum. *Lopez-Gomez*, 263 F.3d at 445. Because he has not shown an entitlement to asylum, Beraki cannot establish an entitlement to withholding of removal. *See Dayo*, 687 F.3d at 658-59. In view of the foregoing, substantial evidence

supports the agency's denial of asylum and withholding of removal. *See Zhang*, 432 F.3d at 344.

In order to receive protection under the CAT, an applicant must show that it is "more likely than not" that he would be tortured if removed to his home country by, or with the acquiescence of, government officials acting under the color of law. *See* 8 C.F.R. § 208.16(c)(2); *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010). Beraki relies on his testimony and the Department of State's country report in an attempt to establish his CAT claim, but he fails to make the necessary showing. *See Hakim*, 628 F.3d at 155-57. We conclude that substantial evidence supports the denial of Beraki's claim for protection under the CAT. *See Zhang*, 432 F.3d at 344.

PETITION FOR REVIEW DENIED.