# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2018

Lyle W. Cayce
Clerk

No. 17-60193
Summary Calendar

IRMA MERINO ALVARADO,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 064 078

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Irma Merino Alvarado, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal of the Immigration Judge's (IJ) denial of her application for withholding of removal and relief under the Convention Against Torture (CAT). In her petition, Merino Alvarado argues that substantial evidence does not support the BIA's affirmance of the IJ's adverse credibility determination and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclusion that Merino Alvarado failed to introduce sufficient corroborative evidence and that substantial evidence does not support the BIA's affirmance of the IJ's alternative ruling on the merits of her application for withholding of removal and protection under the CAT.

"Judicial review of a final order of removal is available only where the applicant has exhausted all administrative remedies of right." *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *see* 8 U.S.C. § 1252(d)(1).  Merino Alvarado did not raise the following issues before the BIA: (1) the IJ erred as a matter of law because he failed to afford her an opportunity to explain inconsistencies by soliciting explanations for them during the hearing; (2) the inconsistency based on whether her ex-partner beat her daughters cannot support an adverse credibility determination because it does not enhance her claim; and (3) the IJ legally erred by failing to affirmatively ask Merino Alvarado why she failed to produce hospital records to corroborate her testimony.  As the BIA could have corrected the IJ's alleged errors had Merino Alvarado raised them, this court lacks jurisdiction to consider those claims. *See Roy*, 389 F.3d at 137.  Further, in order to exhaust any claims relating to the BIA's "act of decisionmaking," Merino Alvarado was required to file a motion for reconsideration.  *Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009).  She did not do so, thereby depriving this court of jurisdiction to consider whether the BIA committed legal error (1) by not making an alternative finding regarding past persecution, and by requiring her to show that the government would be unable or unwilling to protect her from harm, and (2) by considering only whether the government was willing to protect her, but not whether it was able to do so.  *See id.* at 320-21.

On petition for review of a BIA decision, this court reviews factual findings for substantial evidence and questions of law de novo.  *Lopez-Gomez*

No. 17-60193

*v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  This court reviews only the order of the BIA unless the IJ's decision "has some impact on the BIA's decision," *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997), in which case it reviews the IJ's decision as well, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  Here, because the BIA adopted the IJ's decision, this court will consider both decisions.  *See Wang*, 569 F.3d at 536.  Pursuant to the substantial-evidence standard, "this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion."  *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Credibility determinations are factual findings that are reviewed for substantial evidence.  *See Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007).  An adverse credibility determination "must be supported by specific and cogent reasons derived from the record."  *Wang*, 569 F.3d at 537 (internal quotation marks and citation omitted).  The IJ and BIA "may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible."  *Id.* at 538 (internal quotation marks and citation omitted) (emphasis in original).

In the instant case, the IJ and the BIA relied on specific inconsistencies among Merino Alvarado's testimony, application for withholding of removal, and affidavits from her daughters and mother.  Before this court, Merino Alvarado cites no evidence compelling a finding that she is credible; rather, she offers reinterpretations of her testimony and the evidence in an attempt to explain away the inconsistencies and the lack of detail identified by the IJ and BIA.  The record does not compel a determination that Merino Alvarado was credible, and she has failed to show that, under the totality of the circumstances, no reasonable factfinder could have made the adverse

credibility ruling. *See Wang*, 569 F.3d at 538-40; *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). We therefore defer to the IJ's and BIA's adverse credibility determinations. *See Wang*, 569 F.3d at 538-39. In light of the IJ's and BIA's adverse credibility determinations, Alvarado has failed to show that the BIA erred in affirming the IJ's denial of her application for relief from removal. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012).

Based on the foregoing, Merino Alvarado's petition is DENIED in part and DISMISSED in part for lack of jurisdiction.