# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2021

Lyle W. Cayce
Clerk

No. 19-60904
Summary Calendar

Gaspar Mejia Tol, *also known as* Gaspar Vazquez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 997 534

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Gaspar Mejia Tol, a native and citizen of Guatemala, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60904

(CAT).  On petition for review of a BIA decision, this court reviews factual findings for substantial evidence and questions of law de novo.  *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).  Under the substantial evidence standard, this court will reverse the BIA only if the evidence compels a contrary conclusion.  *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

In this case, the IJ rendered an adverse credibility determination based on discrepancies between Mejia Tol's three applications for asylum, withholding of removal, and protection under the CAT.  However, Mejia Tol fails to address the IJ's adverse credibility finding in his petition for review.  A petitioner abandons any issues not raised in his initial brief, *see Nastase v. Barr*, 964 F.3d 313, 318 n.2 (5th Cir. 2020), *cert. denied*, 2020 WL 6829083 (U.S. Nov. 23, 2020) (No. 20-425), and a petitioner's lack of credibility is "an adequate ground for affirming," *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).  Accordingly, Mejia Tol abandoned any challenge to the IJ's adverse credibility finding, which is dispositive of his substantive claims.  *See Nastase*, 964 F.3d at 318 n.2; *Chun*, 40 F.3d at 79.

Further, even if Mejia Tol had not abandoned any argument against the adverse credibility finding, the IJ's decision is supported by substantial evidence.  *See Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007).  The IJ based its decision on specific statements that indicated Mejia Tol's lack of credibility.  Most notably, the IJ relied on Mejia Tol's failure to assert persecution based on his indigenous heritage in his first two applications and the inconsistencies between the three applications.  Therefore, the record does not compel a determination that Mejia Tol was credible, and he has failed to show that, under the totality of the circumstances, no reasonable factfinder could have made the adverse credibility ruling.  *See Wang v. Holder*, 569 F.3d 531, 538-40 (5th Cir. 2009).  We defer to the IJ's adverse credibility determination.  *See id.* at 538-39.

No. 19-60904

Accordingly, we need not address Mejia Tol's substantive arguments. *See Chun*, 40 F.3d at 79.  In light of the IJ's adverse credibility determination, Mejia Tol has failed to show that the BIA erred in upholding the IJ's denial of his application for relief from removal.  *See Wang*, 569 F.3d at 540; *Chun*, 40 F.3d at 79.

The petition for review is DENIED.