# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2023

Lyle W. Cayce
Clerk

No. 22-60275
Summary Calendar

Maura Hernandez-Chan,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A203 715 645

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Petitioner Maura Hernandez-Chan petitions this court to review the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of a denial of withholding of removal and protection under the Convention Against Torture ("CAT"). For the reasons that follow, we DENY her petition.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60275

We review the BIA's decision; we consider the Immigration Judge's ("IJ") decision only to the extent it influenced the BIA. *See Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (*per curiam*). We will reverse the BIA's factual determinations "only if the evidence is so compelling that no reasonable fact finder could fail to find the petitioner statutorily eligible for relief." *Qorane v. Barr*, 919 F.3d 904, 909 (5th Cir. 2019) (internal quotation omitted). In contrast, we "review[] the BIA's legal determinations de novo." *Ghotra v. Whitaker*, 912 F.3d 284, 288 (5th Cir. 2019).

Credibility determinations are factual findings that are reviewed for substantial evidence. *See Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007). "An adverse credibility determination prevents [a petitioner] from satisfying her burden of establishing eligibility for asylum, withholding of removal, and protection under the CAT." *Avelar-Oliva v. Barr*, 954 F.3d 757, 772 (5th Cir. 2020). On the basis of numerous inconsistencies in the petitioner's testimony, the IJ in this case determined that Hernandez-Chan was not credible. The BIA affirmed the IJ's determination on the basis of the record. We likewise agree. Although she presents explanations for the inconsistencies in her testimony, none of Hernandez-Chan's arguments compels reversal. *See id.* at 768.

On this basis and for the reasons articulated by the BIA, we find no error in the BIA's decision and DENY the petition for review.