# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

February 23, 2010

No. 09-60150
Summary Calendar

Charles R. Fulbruge III
Clerk

AAMIR AHMED,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A88 060 275

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Aamir Ahmed ("Ahmed"), a native and citizen of Pakistan, seeks review of an order of the Board of Immigration Appeals ("BIA"). The BIA dismissed Ahmed's appeal of the Immigration Judge's ("IJ") denial of his applications for withholding of removal, protection pursuant to the regulations

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60150

under the United Nations Convention Against Torture ("CAT"), and cancellation of removal. We deny the petition.

## I. BACKGROUND

Ahmed is a native and citizen of Pakistan, who was admitted to the United States as a temporary visitor on or about April 24, 1995. On April 27, 2007, the Department of Homeland Security ("DHS") served Ahmed with a Notice to Appear ("NTA"), charging him with removability pursuant to section 237(a)(1)(B) of the INA, 8 U.S.C. § 1227(a)(1)(B), as an alien who remained in the United States for a time longer than permitted. The DHS also charged Ahmed with removability pursuant to section 237(a)(3)(D) of the INA, 8 U.S.C. § 1227(a)(3)(D), as an alien who falsely represented himself to be a citizen of the United States in order to obtain a benefit under the INA or any other federal law. This charge arose out of Ahmed falsely representing himself to be a U.S. citizen in order to obtain a voter registration certificate in Harris County, Texas. On September 19, 2007, Ahmed appeared before the IJ, admitting the allegations in the NTA but denied removability pursuant to section 237(a)(3)(D). At a hearing regarding that charge, the IJ found that the Government met its burden of proving that Ahmed submitted the voter registration application by clear and convincing evidence.

On March 20, 2008, Ahmed appeared again in Immigration Court for a merits hearing regarding his applications for withholding of removal and protection pursuant to CAT based on religion. He claimed that as a former Muslim, who converted to Christianity, he feared persecution if returned to Pakistan. He also sought a cancellation of removal.

To support his applications, Ahmed testified that he feared that he would be killed by either his family or another Muslim if he returned to Pakistan because he is now a Christian. When questioned about the circumstances surrounding his conversion to Christianity, Ahmed claimed that he decided to

No. 09-60150

become a Christian while in the hospital in the wake of a beating he suffered in New York. He also testified that he attended church regularly but had not been in three or four months.

Moreover, during his testimony Ahmed claimed that his removal would result in exceptional and extremely unusual hardship to his young daughter, a United States citizen. He testified that he would not be able to bring her with him to Pakistan because his family or other Muslims will kill her because she is a Christian. When questioned about allegedly signing the voter registration certificate claiming to be a United States citizen, he admitted that the signature appeared to be his own but claimed that a cousin might have forged his signature because he was jealous of him.

The IJ denied Ahmed's application for withholding of removal and protection pursuant to CAT because he found that Ahmed's testimony was not credible due to numerous inconsistencies. The IJ also noted that even if Ahmed's testimony was true, his application for withholding and protection pursuant to CAT would not be granted because he did not demonstrate an objective clear probability of persecution if returned to Pakistan or that it is more likely than not that he will be persecuted or tortured upon his return there. The IJ also denied Ahmed's application for cancellation of removal.

## II. DISCUSSION

A.    Withholding of Removal and CAT Claim

We review the BIA's denial of an application for withholding of removal and protection under CAT under the substantial evidence test. Under this standard of review, reversal is improper unless we decide "not only that the evidence supports a contrary conclusion, but also that the evidence compels it." *Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005) (citing *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). We review the BIA's decision and only consider the IJ's

3

No. 09-60150

decision to the extent that it impacted the BIA's determination. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

In this case, the IJ denied Ahmed's petition for withholding of removal and protection under CAT because he had failed to meet his burden of proving eligibility by providing credible evidence to support his claims . The Real ID Act of 2005 allows the trier of fact to make a credibility determination "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Adverse credibility determinations must be supported by specific and cogent reasons derived from the record. *Zhang v. Gonzalez*, 432 F.3d 339 (5th Cir. 2005).

The IJ determined that Ahmed was not credible, and he fails to show, as he must to prevail on review, that the record evidence compels the contrary conclusion.  The IJ cited numerous instances of material inconsistencies in Ahmed's testimony. For instance, while Ahmed indicated in his asylum application that he was forced to practice Islam under the threat of death, and that he protested against this, he denied that he protested against Islam in his testimony.  While he claimed to fear persecution in Pakistan because of his purported religious conversion, Ahmed's testimony was also inconsistent concerning his church attendance.  He initially claimed that he did not attend church regularly, but later stated that he attended three different churches although he could not recite basic information about any of the churches, including their names or locations.  Moreover, the record reveals significant discrepancies regarding how exactly Ahmed's signature appeared upon the voter registration certificate, his knowledge concerning when his visa expired, and reasons for staying in the United States after his visa expired.

On appeal, Ahmed first argues that the IJ erred because any inconsistencies in his testimony regarding whether he converted to Christianity were inconsequential.  This argument has no merit.  The central reason why

4

No. 09-60150

Ahmed claimed that his removal should be withheld is because he allegedly would be persecuted upon his return to Pakistan because of his conversion to Christianity. Thus, any inconsistencies in his testimony concerning his religious conversion were material, particularly since he alleged that he would be tortured because of it.

Ahmed next argues that the various inconsistencies in his testimony that the IJ noted were the result of his inability to understand English. Because Ahmed did not raise this argument before the BIA, he has not exhausted his administrative remedies. As such, this court lacks jurisdiction to consider this argument. *See* 8 U.S.C. § 1252(d)(1); *Wang  v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001). Similarly, we lack jurisdiction to address Ahmed's argument that the IJ erred because he mistakenly referenced "Lebanon" rather than "Pakistan" while discussing country conditions for Christians. The BIA, in reviewing the IJ's decision, did not adopt the IJ's discussion of current country conditions in Pakistan, which included the mistaken reference to Lebanon rather than Pakistan. *See Girma v. INS*, 283 F.3d 664, 666 (5th Cir. 2002) (where the BIA does not adopt the decision of the IJ, the IJ's decision is not before the court on review).

B.    Cancellation of Removal

The Attorney General has discretion to cancel the removal of a non-permanent resident if the alien has shown: (1) a continuous physical presence of not less than 10 years; (2) good moral character; (3) a lack of certain criminal convictions; and (4) exceptional and extremely unusual hardship to a qualifying relative. INA § 240A(b); 8 U.S.C. § 1229b(b). On appeal, Ahmed's claims that the IJ abused its discretion by denying his cancellation of removal, and ruling that Ahmed had not established that his removal would result in "exceptional and extremely unusual hardship" to his child pursuant to section 240A(b)(1)(D) of the INA, 8 U.S.C. § 1229b(b)(1)(D).

No. 09-60150

Pursuant to 8 U.S.C. § 1252(a)(2)(B)(i), this court does not have jurisdiction to review "any judgment regarding the granting of relief under section . . . 229b." This provision is not applicable where the appeal involves constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Ahmed's request for cancellation of removal, however, involves neither. Therefore, this court does not have jurisdiction to review the IJ's discretionary determination that Ahmed's daughter, who is an American citizen, would not suffer an "exceptional and extremely unusual hardship" by his removal. *See Rueda v. Ashcroft*, 380 F.3d 831, 831 (5th Cir. 2004); *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 216 (5th Cir. 2003).

Our holding that we lack jurisdiction to review one of the four threshold eligibility factors under § 240A(b) is a sufficient basis alone for us to affirm the IJ's denial of relief.   For this reason, we need not address the other grounds upon which Ahmed challenges the IJ's decision. *See Garcia- Melendez v. Ashcroft*, 351 F.3d 657, 661 (5th Cir. 2003).

### III.  CONCLUSION

For the reasons stated above, we DENY the petition for review.

6