# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60100
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2017

Lyle W. Cayce
Clerk

GUO CHAO-QING, also known as Chao-Qing Guo,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 718 261

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Chao-Qing Guo, a native and citizen of the People's Republic of China, petitions this court for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Guo contends that he is a Christian and a member of an underground church in China; that he was subject to police intimidation and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

brutality on the basis of his religious practices; and that he would face state-sponsored oppression and torture if he were to return to China. Guo was the only witness at the asylum hearings, though he submitted documentation in support of his application, including statements from family members in China, a pastor from a church he attended in China, and pastors from the churches he has attended in the United States. Guo argues that the BIA erred in affirming the IJ's denial of relief based on an adverse credibility determination. He also contends that the IJ and BIA erred in requiring corroborative evidence and discounting or discrediting the documentary evidence submitted in support of his application.

Because the BIA approved of and relied upon the IJ's decision, this court may review the decisions of both the BIA and the IJ. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). The BIA and the IJ's factual findings are reviewed for substantial evidence and their legal conclusions are reviewed de novo. *Id.* Credibility determinations are factual findings that are reviewed for substantial evidence. *See Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007). Under the REAL ID Act, a trier of fact must consider "the totality of the circumstances" and "all relevant factors" in making a credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ and BIA "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (quoting *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)). We will defer to a "credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* (quoting *Lin*, 534 F.3d at 167).

No. 16-60100

Guo argues principally that there were no inconsistencies between or among his statements and that the alleged inconsistencies relied on by the IJ and the BIA were minor and did not go to the heart of his claims for relief. However, the IJ and BIA's adverse credibility determinations relied on specific, record-based inconsistencies.  For example, when asked who his pastor was, Guo took a long pause before testifying that he only knew Pastor Liu.  He later testified that he had forgotten about Pastor Ho, the senior pastor at the church who had submitted a letter in support of Guo's application.  In his subsequent written statement, Guo stated both that he saw Pastor Ho nearly every Wednesday at church and that he was "not familiar with Pastor Ho."  Further, Guo's written statement says that his friend Bobby did not attend church service and did not testify or submit a statement in support of Guo's asylum application because Bobby "had no knowledge on church."  This conflicts with Guo's testimony that Bobby went to church with Guo "a couple of times."

Although we acknowledge that these discrepancies may be explainable, the record does not compel the conclusion that the IJ and BIA erred in relying on them.  *See Mwembie v. Gonzales,* 443 F.3d 405, 410 (5th Cir. 2006) ("where the judge's credibility determinations are supported by the record, we will affirm them even if we may have reached a different conclusion").  *Cf. Kompany v. Gonzales,* 236 F. App'x 33, 38 (5th Cir. 2007) ("Although we believe these inconsistencies may be explainable and are on the outer perimeter of materiality, they nevertheless support the IJ's credibility determination, and the IJ is entitled to rely on them.").  Guo's argument that the inconsistencies identified were unrelated to his claim fails, as inferences about credibility can be drawn from inconsistencies "without regard to whether [they] . . . go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Wang,* 569 F.3d at 538.

No. 16-60100

To the extent Guo raises other arguments, including that the only true inconsistency resulted from translation issues and that he was precluded from presenting evidence explaining the alleged inconsistencies, we find these arguments unexhausted and, as a result, jurisdictionally barred.  The only challenges to the credibility finding raised in Guo's brief before the BIA were that Guo was nervous at his hearing, he had testified consistently as to his Christian faith and persecution, and he had corroborated his claims with documentary evidence.  Because Guo failed to raise additional arguments challenging the credibility determination in his appeal to the BIA, this court lacks jurisdiction to review such arguments.  *See* 8 U.S.C. § 1252(d)(1) ("[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to [him] as of right"); *Ahmed v. Holder*, 368 F. App'x 489, 492 (5th Cir. 2010) (court lacked jurisdiction to consider argument that "various inconsistencies in his testimony . . . were the result of his inability to understand English," as it had not been raised before the BIA); *Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009) (failure to exhaust an issue before the BIA is a jurisdictional bar to judicial review).

Guo also argues that the IJ and BIA failed to give sufficient weight to his documentary evidence.  Guo faults the IJ for discounting statements from two American pastors and from a doctor in China on the grounds that they did not reflect firsthand knowledge of Guo's experience being beaten by police. Guo claims that he offered the statements from the pastors in support of his claim that he is a practicing Christian and that he offered the statement from the doctor as proof that he required treatment after being beaten by police. However, the IJ was not unreasonable in drawing a negative inference from the fact that although the pastors said that they had known Guo for four years, and that he was "like a son" to them, Guo testified that he did not know their

4

last names.  *See Mwembie*, 443 F.3d at 413 (noting that "an IJ can base some of his determinations on his understanding of general human behavior").  And while the doctor's statement says that she treated Guo's bruising and aches, it reflects that Guo's mother told the doctor that he had been "beaten by somebody," not specifically the police.  Thus, while this evidence is obliquely corroborative, it does not directly support Guo's claimed persecution by Chinese authorities.  Guo also claims that it was error to discount statements from Guo's mother and aunt because the translator did not provide a name for the aunt and because Guo's mother reported no harm as a result of her church attendance in China.  However, the IJ noted that these statements did have evidentiary value, but did not overcome the inconsistencies in Guo's testimony, particularly in light of the fact that Guo's aunt and mother were not subject to cross-examination.

Because Guo has failed to show that, under the totality of the circumstances, the evidence is so compelling that no reasonable factfinder could fail to find otherwise, we defer to the IJ's and BIA's adverse credibility determinations.  *See Wang*, 569 F.3d at 538–39.  Guo does not argue that his documentary evidence alone supports his claims for relief.  Therefore, in light of the adverse credibility determination, Guo has failed to show that the BIA erred in affirming the IJ's denial of his application for asylum, withholding of removal, and relief under the CAT.  *See Dayo v. Holder*, 687 F.3d 653, 657–59 (5th Cir. 2012); *Efe v. Ashcroft*, 293 F.3d 899, 906–08 (5th Cir. 2002); *Chun v. INS*, 40 F.3d 76, 78–79 (5th Cir. 1994).  Accordingly, Guo's petition for review is DENIED.