# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60749
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2018

Lyle W. Cayce
Clerk

JINFENG WU,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 068 655

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jinfeng Wu, a native and citizen of China, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing her appeal of the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). On appeal, Wu argues that substantial evidence does not support the BIA's affirmance of the IJ's adverse credibility determination and that the BIA failed to properly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

address her arguments and explanations for the perceived inconsistencies in her testimony.

First, "[j]udicial review of a final order of removal is available only where the applicant has exhausted all administrative remedies of right." *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *see* 8 U.S.C. § 1252(d)(1). This court lacks jurisdiction to consider an issue when an applicant has failed to exhaust it by raising it in the first instance before the BIA, either on direct appeal or in a motion to reopen. *See Roy*, 389 F.3d at 137. Wu did not argue before the BIA that the IJ's denial of her CAT claim was erroneous. As the BIA could have corrected the IJ's alleged error had Wu raised it, this court lacks jurisdiction to consider this claim. *See Roy*, 389 F.3d at 137. Further, in order to exhaust any claims relating to the BIA's "act of decisionmaking," Wu was required to file a motion for reconsideration. *See Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009). She did not do so, thereby depriving this court of jurisdiction to consider whether the BIA committed legal error by failing to fully address her arguments or her explanations for the inconsistencies. *See id.* at 320-21.

On petition for review of a BIA decision, this court reviews factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). This court reviews only the order of the BIA unless the IJ's decision "has some impact on the BIA's decision," *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997), in which case it reviews the IJ's decision as well, *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Here, because the BIA adopted the IJ's decision, this court will consider both decisions. *See Wang*, 569 F.3d at 536. Pursuant to the substantial-evidence standard, "this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

No. 17-60749

Credibility determinations are factual findings that are reviewed for substantial evidence. *See Vidal v. Gonzales*, 491 F.3d 250, 254 (5th Cir. 2007). An adverse credibility determination "must be supported by specific and cogent reasons derived from the record." *Wang*, 569 F.3d at 537 (internal quotation marks and citation omitted). The IJ and BIA "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Id.* at 538 (internal quotation marks and citation omitted) (emphasis in original). In the instant case, the IJ and the BIA relied on specific inconsistencies among Wu's testimony and application. Before this court, Wu cites no evidence compelling a finding that she is credible; rather, she offers reinterpretations of her testimony and the evidence in an attempt to explain away the inconsistencies and the lack of detail identified by the IJ and BIA. The record does not compel a determination that Wu was credible, and she has failed to show that, under the totality of the circumstances, no reasonable factfinder could have made the adverse credibility ruling. *See Wang*, 569 F.3d at 538-40; *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). We therefore defer to the IJ's and BIA's adverse credibility determinations. *See Wang*, 569 F.3d at 538-39.

Based on the foregoing, Wu's petition is DENIED in part and DISMISSED in part for lack of jurisdiction.